[No. 37968. Department Two. January 19, 1967.]

JOHN KOVALENKO, JR., *Respondent*, v. BEST'S REALTY, INC., *Appellant.*[*]

*Robert G. Perlman*, for appellant.

*Short, Cressman & Cable* and *John O. Burgess*, for respondent.

PER CURIAM.—From November, 1957, until April, 1960, plaintiff (respondent) was engaged by defendant (appellant) as a real-estate salesman. Pursuant to the oral agreement between the parties, plaintiff was to receive a percentage of the commissions paid upon sales which he negotiated. In addition, and during a period of the association, plaintiff was paid a weekly salary and advances were made against outstanding commissions.

In February, 1963, plaintiff initiated this suit seeking to recover an aggregate amount of commissions he alleged had accrued during his period of service. Defendant denied plaintiff's claim, counterclaimed for alleged overpayments, and at the time of trial orally moved to amend the pleadings to invoke the 3-year statute of limitations (RCW 4.16-.080(3)). In support of its motion, defendant asserted the relationship between the parties was of such a nature as to render commissions upon each real-estate transaction a distinct claim severably subject to the statute of limitations. *Cf. Perry v. Hillman*, 153 Wash. 689, 280 Pac. 346

*Reported in 422 P.2d 484.

(1929). In response, plaintiff denied the allegations of the counterclaim and objected to the belated injection of the statute of limitations. Furthermore, plaintiff contended that, in any event, the suit was timely because the services involved were of a continuous nature, were performed without a fixed time for payment of the claimed compensation, and did not commence the running of the statute of limitations until the employment terminated. Cf. *Trethewey v. Green River Gorge, Inc.,* 17 Wn.2d 697, 136 P.2d 999 (1943), and cases cited.

The trial court rendered judgment in favor of plaintiff for a portion of the amount claimed, and dismissed defendant's counterclaim.

On appeal defendant assigns error to the failure of the trial court to apply the statute of limitations.

It cannot be ascertained from the statement of facts (which is certified as containing all material matters), the trial court's rulings and oral decision, the findings of fact entered, or the briefs of the respective parties on appeal whether the trial court (a) granted or denied defendant's proposed trial amendment relative to the statute of limitations; (b) considered the defense in passing upon plaintiff's claim or deemed it waived or abandoned by defendant; or (c) adopted or rejected plaintiff's theory as to the nature of the employment and the method of recompense.

Upon this state of the record we cannot fairly pass upon the assigned error and the respective contentions of the parties addressed thereto.

The judgment is accordingly vacated and the cause is remanded for the entry of an appropriate order, finding or conclusion as to the availability or applicability of the defense of the statute of limitations. Judgment in accordance with the disposition of this issue may then be entered. Costs on appeal will abide the result.